## BOMAN *et al.* v. BOMAN.

*(Circuit Court, D. Washington, N. D.* October 27, 1891.)

**WILLS—VALIDITY—DISINHERITING CHILDREN.**

Code Wash. § 1325, providing that, when a testator dies "leaving a child or children * * * not named or provided for" in his will, he shall be deemed to have died intestate as to them, was intended, not to prevent children from being disinherited, but to require that the intention to disinherit them should clearly appear; and hence a will which gives the testator's heirs one dollar each, and the bulk of his property to his wife, makes a valid disposition of his property.

In Equity.  On demurrer to bill.

Suit by Albert T. Boman and another plaintiff against Mary E. Boman to set aside a will.

*Andrew F. Burleigh*, for plaintiffs.

*Junius Rochester* and *Lewis & Gilman*, for defendant.

HANFORD, J.  The complainants are children of George M. Boman, who died testate in the city of Seattle in December, 1890, and the object of this suit is to annul his last will and testament as to them.  By said will, the testator, after making a bequest of one dollar to each of his heirs, gave and devised all the residue of his estate to the defendant, who is his widow.  Under the laws of this state, an adult person of sound mind may, subject to certain specified limitations, make testamentary disposition of all his or her property, real and personal.  Section 1325 of the Code contains the restrictive provisions which it is claimed render this will invalid as to the complainants.  It provides that if any person make his last will, and die, leaving a child or children, or descendants of a child or children, not named or provided for in such will, every such testator, as to such child or children or their descendants, shall be deemed to die intestate, and such child or children or their descendants shall be entitled to share in the division of the estate of the testator, real and personal, as if he had died intestate.  Substantially similar statutory provisions have been passed upon in a number of cases by the supreme courts of New Hampshire, Missouri, Oregon, and California; and, without reviewing the decisions in detail, it is enough to say that they all agree in holding that an owner of property who has children, or descendants of children, is not by such a statute deprived of the right to dispose of his property as he pleases.  The term "provided for," as used in the statute, does not import an obligation on the part of a testator to leave his children a fortune, or to supply their material wants, or even give them any substantial share of his estate, whether it amounts to much or little.  A mean-spirited wealthy man may leave his child destitute, provided he does it intentionally, and expresses such intention clearly in his will, without rendering such will nugatory under the provisions of this statute.  The decisions also hold that it is only necessary for a testator to make his will express clearly his intention in regard to his children, in any form of language sufficient for the purpose.  It is

v.47F.no.13—54

not necessary to refer to the child or children, each individually, by his or her Christian name. Any designation which necessarily applies to them, without omitting any one of them, is all that the law requires.

I regard the foregoing as rules so well settled by the concurrence of judicial opinions as to be entitled to respect as rules of property, and binding upon this court in the interpretation to be given to the statute in this state in the case under consideration; and, tested thereby, this will appears to me to be valid. The complainants are heirs of their father. By the clause in his will giving one dollar to each of his heirs, he refers to them. There is no ambiguity or possibility of two opinions as to the application of said clause in the will to these complainants. If, instead of one dollar, a liberal bequest had been left to each of the testator's heirs, no one would hesitate to believe that it was intended for each of these complainants to share in his bounty. The language used, with equal certainty, forces the mind to accept the more distasteful conclusion that it was the testator's intention, deliberately formed, to cut his children off with but the nominal sum of one dollar. The rule that a man's children shall be his heirs is of such universal application that it is impossible for an intelligent, sane person, who knows himself to be a father of children, to refer to his heirs without consciously to himself including them in the reference. These considerations constrain me to sustain the defendant's demurrer to the bill of complaint.